UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 31 2007
[signature] CLERK

| | | |
|---|---|---|
| Duane Fleming, | ) | |
| Plaintiff, | ) | |
| Vs. | ) | COMPLAINT |
| Motel 6, Inc., | ) | C7-4121 |
| Defendant. | ) | |

Plaintiff, Duane Fleming, alleges:

## JURISDICTION

1. Plaintiff is an adult male residing in Sioux Falls, South Dakota.

2. Motel 6 #0162 is a business located in Sioux Falls, South Dakota and is an employer within the meaning of the ADA.

3. This is an action for disability discrimination brought under the ADA, 42 USCA 2000e et seq.

4. Fleming timely filed a charge of discrimination in employment with the Sioux Falls Human Rights Commission on December 2, 2005.

5. On December 18, 2006, the Sioux Falls Human Rights Commission issued a determination of probable cause.

6. On June 4, 2007, the EEOC issued Fleming a Notice of Right to Sue.

7. This Court has jurisdiction over this matter pursuant to 28 USCA 1331.

## COUNT ONE: DISABILITY DISCRIMINATION
### 42 USCA 2000e et seq.

8. Fleming has a permanent and long-term disability that severely restricts him in major life activities of daily living including walking, standing, bending, lifting and working.

9. Fleming is a qualified person with a disability within the meaning of ADA as he is able to perform the essential functions of various positions with or without reasonable accommodations.

10. Despite his disability, Fleming has actively sought vocational assistance and employment.

11. On October 31, 2005, Fleming applied for and was interviewed for a position of "Guest Services Representative" at the Motel 6 # 0162 in Sioux Falls.

12. During his interview, Fleming disclosed that a three-wheeler accident has resulted in work limitations including a limited ability to bend, twist, crouch, lift and he further identified his need for limited hours and the flexibility to alternate between standing and sitting.

13. Fleming was provided a job description and was advised that he would be provided with a place to sit so he could limit his standing on the job.

14. The job description for the Guest Services Representative position and the hours and conditions for work offered by Motel 6 #0162 during the interview were within Fleming's functional capacity.

15. Fleming was hired by Motel 6 #0162 and asked to report to work on November 1, 2005 for a 9 am to 2 pm shift.

16. After his shift on November 1, 2005, Fleming was told he was scheduled to work the same shift the following day.

17. Fleming was able to perform the essential functions of the job position.

18. Fleming was able and available to work a variety of different shifts.

19. Fleming was not given or assigned any specific schedule like other employees were and was instead given a verbal, day by day schedule.

20. Fleming was not assigned consecutive work days or shifts like other employees.

21. Fleming was not scheduled or trained for work like other employees.

22. On November 2, 2005 Fleming reported to work at 8:45 in preparation for his 9 am to 2 pm shift.

23. On November 3, 2005 Fleming was informed that his next scheduled shift was to be November 6. 2005.

24. On November 4, 2005, Fleming approached his manager to report that he was undergoing some medical testing and asked that he not be scheduled on November 9 or 10 because of a medical appointment related to his disability that was scheduled on November 9th.

25. Fleming asked to be scheduled to cover extra shifts to make up the hours he would not be available for medical testing or treatment.

26. Fleming's manager became angry, hollered at Fleming and announced that she was "not going to mess with it" so she was terminating him and replacing him.

27. Fleming was terminated on November 4, 2005.

3

28. Motel 6 # 0162 refused to schedule Fleming for future work because of his disability.

29. Motel 6 # 0162 refused to train Fleming because of his disability.

30. Fleming's manager could have rescheduled Fleming to work different hours and shifts to accommodate his medical testing and treatment.

31. Employees without Flemings' disabilities were trained, scheduled for specific days and hours and allowed to change their schedules or make up shifts for time missed from work.

32. Fleming's termination was related to his disability.

33. Motel 6 #0162 refused to allow Fleming to return to work because of its perceptions of his disability.

34. To the best of his knowledge, Fleming was replaced with a person who did not have a disability.

35. Motel 6 # 0162 refused to reasonably accommodate Fleming's request to work shifts that did not conflict with medical tests of treatments.

36. Motel 6 #0162 has intentionally created false and pretextual information regarding the reasons for and timing of Fleming's termination.

37. The actions of Motel 6 #0162 in terminating Fleming's employment were intentional.

38. As a result of Motel 6 # 0162's intentionally discriminatory actions, Fleming has suffered the following damages:

    a. Loss of employment;

    b. Emotional distress;

4

    c. Loss of enjoyment of life; and

    d. benefits of employment.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For a trial by jury on the merits of his claim;

b. For compensatory damages in such amount as the evidence at trial may show;

c. For other damages, including but not limited to, those damages allowed by 42 U.S.C. §2000 *et seq*, the Civil Rights Act of 1991, Public Law 162-166, and any other pertinent and applicable statute, rule or regulation, whether state or federal.

d. For punitive damages in such an amount as the evidence at trial may show;

e. For costs and disbursements incurred herein, including prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 30 day of August, 2007.

JOHNSON EKLUND LAW OFFICE

_____
Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff

5